UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRED DEFRANCESCH, M.D., L.L.C. | CIVIL ACTION |
| VERSUS | NO. 06-5920 |
| EMC, EMPLOYERS MUTUAL CASUALTY CO. | SECTION "N" (2) |

## **ORDER AND REASONS**

Before the Court is a motion to remand filed herein by plaintiff, Fred DeFrancesch, M.D., L.L.C. (hereafter referred to as "Plaintiff"). Defendant Employers Mutual Casualty Company (hereafter referred to as "EMC") opposes the motion.

On August 23, 2006, Plaintiff filed suit against EMC in the 40th Judicial District Court, State of Louisiana, located in the Parish of St. John the Baptist. Plaintiff names only EMC as defendant, and claims that EMC has failed to properly pay his claim covered under his EMC insurance policy on certain property located at 2840 West Airline Highway, LaPlace, Louisiana. Plaintiff also seeks statutory penalties and attorney's fees for EMC's alleged "breach of their good faith duty" (¶ VIII), "arbitrary and capricious actions and bad faith" (¶ XI), and for "mental anguish, financial distress and inconvenience ..." (¶ XII).

1

On September 13, 2006, EMC removed the matter to this Court. On October 6, 2006, prior to the filing of EMC's answer, Plaintiff filed an Amended Petition seeking to add Riverlands Insurance Agency, Inc. (hereafter referred to as "Riverlands") as a defendant. Riverlands is a Louisiana party, and thus is non-diverse. On the same date, Plaintiff also moved to remand, claiming that this Court lacks jurisdiction because "not all defendants have consented to the removal", and that, because the property damage amount is $45,402.75 and the "loss of business" damages amount is $10,669.00, the jurisdictional threshold of $75,000.00 has not been met.

## LAW AND ANALYSIS

28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction of all civil actions where the matter in controversy is greater than $75,000 and the controversy is between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. 1332 to be invoked. *Strawbridge v. Curtis*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. V. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. See *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state). Title 28 provides that a corporation is a citizen of the state in which it was incorporated as well as the state where the corporation has its principal place of business. 28 U.S.C. § 1332 (c)(1).

In this case, the attempted joinder of the non-diverse defendant, Riverlands, was made after the case was removed.[1]  This Court, however, shall not consider the addition of a non-diverse party after the time of removal in considering whether removal jurisdiction exists, but rather will consider the subject matter jurisdiction at the time of removal.  See 28 U.S.C. § 1447(e); *Cavallini v. State Farm Mu. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Doe v. Cutter Biological*, 774 F.Supp. 1001, 1004 (E.D.La. 1991) ("In deciding jurisdictional issues, the Court examines the petition at the time the removal petition was filed.") (citing *In re Carter*, 618 F.2d 1093, 1101 (5th cir. 1980)); *Ascension Enters, Inc. v. Allied Signal, Inc.,* 969 F.Supp. 359 (M.D. La. 1990). It is apparent that the Amended Petition was filed solely for the purpose of defeating federal jurisdiction, considering that it was filed on the very day of the Motion to Remand.  Moreover, the naming of Riverlands as a defendant in these proceedings could have been made at the time the original Petition for Damages was filed, as Riverlands is referenced in the original Petition for Damages.  (¶ V.)  Thus, if plaintiff had originally intended to sue Riverlands for some purpose other than merely to defeat federal jurisdiction, there is no apparent reason why such action could not and should not have been taken at the time of the filing of the original Petition for Damages.  Though plaintiff may proceed with his claim against Riverlands in this Court, jurisdiction over this matter has already attached, and the Court is unwilling to remand the matter as a result of the Amended Petition filed post-removal.  See, e.g., *Coley v. Dragon Ltd.,* 138 F.R.D. 460 (E.D. La. 1990).  However, the Court declines to strike or dismiss the Amended Petition, as requested by EMC.

---

[1] The addition of the non-diverse party by way of amended complaint was made prior to the filing of an answer by EMC, and thus leave of court is not required.  Fed. R. Civ. P.15(a).

With regard to the requisite jurisdictional amount, the Court notes that the original Petition for Damages makes no mention whatsoever of the amount of the claim, or an intent to waive recovery of any sums over $75,000.  In fact, ¶ VI of the original Petition for Damages provides:

VI.

> Petitioner desires all damages caused by the rain and wind, including loss of business and covered by his insurance to be paid by his insurer.  He has a public adjuster assessed his damages to be $344,732.94 and provided EMC with a copy of the document with all damages itemized and figures commensurate therewith.  The loss of business has yet to be determined.

Plaintiff also asserts a variety of penalties, attorney's fees, and other damages characterized as "mental anguish, financial distress and inconvenience for which he is entitled to an amount commensurate with his damages, all as reasonable in the premise [sic], to be determined by the trier of fact."  (¶ XII)  Thus, the face of the Petition for Damages at the time of removal strongly suggests that damages far exceed $75,000.

In his Motion to Remand, however, plaintiff quantifies the property damage at $45,402.75 and the loss of business amount at $10,669.00, for a grand total of $56,071.75, far below the $75,000 jurisdictional threshold.  Plaintiff makes no mention whatsoever of his other claimed damages set forth in the original Petition for Damages.  Thus, the Court finds that plaintiff's claim exceeds the jurisdictional amount necessary for this Court to maintain jurisdiction.

Finally, the Court takes note of EMC's willingness to accept a stipulation from plaintiff that his damages will not reach or exceed $75,000 in order to affect a remand.  In the event plaintiff is

willing to so stipulate, and formally waive the right to recover any sums $75,000 or more, the Court would consider a joint motion to remand. In lieu of such formal stipulation and waiver, the Court finds that the Motion to Remand is without merit.

## **CONCLUSION**

For the reasons stated, plaintiff's Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this  10th  day of January, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**