<a>
</a>

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 FEB -6 PM 1: 27
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRED DEFRANCESCH, M.D., L.L.C. | CIVIL ACTION |
| VERSUS | NO. 06-5920 |
| EMC, EMPLOYERS MUTUAL CASUALTY CO. | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is Defendant EMC's Motion to Strike Plaintiff's Amended Complaint (Rec. Doc. No. 21). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED WITHOUT PREJUDICE**, and that the October 6, 2006 amended complaint (Rec. Doc. No. 8) is **STRICKEN**.[1]

As discussed in the Court's January 10, 2007 Order and Reasons (Rec. Doc. No. 25), in which the Court denied remand, Plaintiff did not file its post-removal amended complaint until the day it also filed its motion to remand. Significantly, neither Riverlands Insurance Agency, Inc.'s existence nor role was unknown to Plaintiff at the time the original petition was filed. Indeed, Riverlands is referenced in ¶ V of that document. Thus, if Plaintiff had originally intended to sue

---

[1] To the extent that Plaintiff desires to stipulate that his damages in this matter are less than $75,000, waive any damages award above that amount, and file a joint or unopposed motion to remand, so that he may pursue his claims against EMC and Riverlands Insurance Agency, Inc., in a single action, the Court remains willing to entertain such a motion.

1



\_\_ Fee\_\_\_\_
\_\_ Process\_\_\_\_
X/ Dktd\_\_\_\_
✓ CtRmDep\_\_\_\_
\_\_ Doc. No\_\_\_\_

Riverlands for a purpose other than defeating federal jurisdiction, there is no apparent reason why that action could not and should not have been taken at the time of the filing of the original petition. Furthermore, to retain Riverlands, a Louisiana citizen, as a defendant in this matter would destroy the Court's diversity of citizenship subject matter jurisdiction, and therefore require remand. *See* 28 U.S.C. §1447 (c) & (e); *see e.g., Cobb v. Delta Exports, Inc.*, 186 F.3d 6745 677-81 (5th Cir. 1999); *Doleac v. Michalson*, 264 F.3d 470, 473-77 (5th Cir. 2001); *Hoskins v. Zale Delaware, Inc.*, 2006 WL 568698, *2-3 (S.D. Miss.) (March 7, 2006). Given these circumstances, the Court does not accept Plaintiff's assertion that his failure to initially sue Riverlands was a mere "oversight" that should now be excused. Finally, to the extent that the Court's January 10, 2007 Order and Reasons indicated that Plaintiff would be allowed to proceed against Riverlands in this action, **IT IS ORDERED** that that portion of the opinion is **VACATED**.

New Orleans, Louisiana, this 6th day of February 2007.

KURT D. ENGELHARDT
**United States District Judge**