UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRED DEFRANCESCH, M.D., L.L.C. | CIVIL ACTION |
| VERSUS | NO. 06-5920 |
| EMPLOYERS MUTUAL CASUALTY CO. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Employers Mutual Casualty Company's Motion for Partial Summary Judgment (Rec. Doc. No. 72). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's claims for penalties and damages pursuant to La. R.S. 22:658 and La. R.S. 22:1220 are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On August 23, 2006, Plaintiff, Fred Defrancesch, M.D., L.L.C., filed suit against Defendant Employers Mutual Casualty Company. Plaintiff claims that Defendant has failed to properly pay its claim under its EMC insurance policy covering certain property located at 2840 West Airline Highway, LaPlace, Louisiana. Plaintiff also seeks statutory penalties and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. With the pending motion, Defendant seeks dismissal of Plaintiff's claims for penalties and attorney fees.

**LAW AND ANALYSIS**

**I.      Legal Standards**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56©), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit

a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

With respect to the legal standards applicable to Plaintiff's bad faith claims under La. R.S. 22:658 and La. R.S. 22:1220, the Louisiana Supreme Court explained, in *Reed v. State Farm Mut. Auto. Ins. Co.*, 657 So. 2d 1012 (La. 2003):

> The conduct prohibited in LSA-R.S. 22:658(A)(1) is virtually identical to the conduct prohibited in LSA-R.S. 22:1220(B)(5): the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause. FN7 *Calogero v. Safeway Insurance Company of Louisiana*, 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174. The primary difference is the time periods allowed for payment. *Id.* Furthermore, LSA-R.S. 22:658 and LSA-R.S. 22:1220 are penal in nature and must be strictly construed. *Hart v. Allstate Insurance Company*, 437 So.2d 823, 827 (La.1983).
>
> One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. *Id.* at 828. It logically follows from this burden that a plaintiff who possesses information that would suffice as satisfactory proof of loss, but does not relay that information to the insurer, is not entitled to a finding that the insurer was arbitrary or capricious. *Id.; see also McClendon v. Economy Fire & Casualty Insurance Company*, 98-1537, p. 5 (La.App. 3 Cir. 4/7/99), 732 So.2d 727, 730 (Plaintiff's failure to provide insurer with information to confirm that the other driver was under insured barred finding of arbitrary or capricious failure to tender within 60 days.) The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. *Block v. St. Paul Fire & Marine Ins. Co.*, 32,306, p. 7 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 751. The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Rudloff v. Louisiana Health Services and Indemnity Co., 385 So.2d 767, 771* (La.1980), on rehearing. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory

time limits when such reasonable doubts exist. *Block*, 32,306 at 8, 742 So.2d at 752.

Both LSA-R.S. 22:658 and LSA-R.S. 22:1220 require proof that the insurer was "arbitrary, capricious, or without probable cause," FN8 a phrase that is synonymous with "vexatious." *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La.1993). This court has noted that "vexatious refusal to pay" means unjustified, without reasonable or probable cause or excuse. *Id.*, citing COUCH ON INSURANCE 2d, § 58:70. Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense. *Id.*

Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action . . . . *See Scott v. Insurance Company of North America,* 485 So.2d 50, 52 (La.1986).

FN7. We note the jurisprudence generally uses the terms "arbitrary and capricious" despite the fact the statutory provisions use the disjunctive "arbitrary, capricious, or without probable cause." Regardless, the definitions of the terms "arbitrary" and "capricious" are almost indistinguishable from each other. An "arbitrary" act is an act "based on random choice or personal whim, rather than any reason or system." THE NEW OXFORD AMERICAN DICTIONARY 80 (Elizabeth J. Jewell & Frank Abate eds., 2001). "Capricious" action is "given to sudden and unaccountable changes of behavior." *Id.* at 256. A judicial "decision founded on prejudice or preference rather than on reason or fact" is often termed "arbitrary and capricious." BLACK'S LAW DICTIONARY 100 (7th ed.1999).

FN8. The same language is used in the workers' compensation law. For example, reasonable attorney fees are awarded as a penalty when an employer discontinues payment of benefits if the "discontinuance is found to be arbitrary, capricious, or without probable cause." LSA-R.S. 23:1201.2.  In that context, this court has defined arbitrary and capricious behavior as "willful and unreasonable action, without consideration and regard for the facts and circumstances presented." *J.E. Merit Constructors, Inc. v. Hickman*, 00-0943, p. 5 (La.1/17/01), 776 So.2d 435, 437.

**II.     Analysis**

Plaintiff first objects to the Court's consideration of the affidavit of James Jones on grounds that the affidavit does not contain a statement that Mr. Jones "has personal knowledge of the events which transpired relative to the handling of the plaintiff's claim." *See* Opposition ("Opp.") (Rec. Doc. No. 75) at 2.  Although an affidavit may explicitly state that it is based on the affiant's personal knowledge, such a statement is not required.  *DIRECTV v. Budden*, 420 F. 3d 521, 529-30 (5th Cir. 2005).  Rather, it is sufficient if personal knowledge can be reasonably inferred, *e.g.,* from the affiant's position and/or the nature of his or her participation in the matters in question. *Id.*  Here, Mr. Jones's personal knowledge can reasonably be inferred from his statements that he is employed by Defendant as a claims adjustor, that he has overseen the adjustment of Plaintiff's claim, and that he has custody of and reviewed Plaintiff's claims file.[1]  Thus, this objection is without merit.

Plaintiff additionally contends that Defendant's actions in response to its receipt, on or about December 27, 2007, of Plaintiff's April 19, 2006 Loss Solutions repair estimate, totaling $344,732.94, and Mr. Emmett Dammon's January 11, 2006 expert report, were deficient.  Opp. at 3.[2]  Plaintiff also complains that Defendant has not tendered additional amounts, made a settlement offer, or sufficiently investigated further following the January 2008 depositions of Plaintiff, Mr. Dammon, or Mr. Quinney.  *Id.* at 3-4.  Plaintiff particularly emphasizes Dr. DeFrancesch's

---

[1]     *See* Jones Affidavit, Exh. A to Defendant's Memorandum in Support of Motion for Summary Judgment ("Defendant's Memo.") at ¶¶ 1-2.

[2]     These documents are Exhibits 1 and 2 to Plaintiff's Opposition.

deposition testimony that he has spent $200,000 for building repairs exclusive of the brick facade and concrete floor work that Defendant has disputed. *Id.* at 4.

Given the foregoing, the Court assumes that a genuine issue of material fact exists with respect to the total amount due Plaintiff under its EMC insurance policy. That being said, the Court finds that Plaintiff has not presented evidence demonstrating the existence of genuine issue of material fact relative to its assertion that Defendant has acted arbitrarily and capriciously for purposes of La. R.S. 22:658 and La. R.S. 22:1220. Rather, a reasonable and legitimate disagreement unquestionably exists regarding the actual extent and cause of Plaintiff's claimed damages.

As Defendant points out, the Loss Solutions estimate was prepared following completion of some of the repairs. While this fact is not determinative, it is relevant. Also, Defendant has urged legitimate questions regarding the propriety and/or causation of certain work matters included in that estimate, including replacing all of the brick veneer and the second floor concrete floors. Significantly, Plaintiff's expert, Mr. Dammon, testified that certain brick damage may have pre-existed the storm.[3] Defendant additionally challenges the figures included for contents on grounds that Loss Solutions was not provided with a list of the contents that were damaged. Finally, although certain other work reflected in the Loss Solutions estimate may in fact be properly compensable under the EMC policy *and* exceed the amount of Defendant's prior tender, Plaintiff has not parsed out these categories and demonstrated a triable issue as to Defendant's bad faith relative to them.

---

[3] *See* Dammon Deposition Transcript, Exh. B to Defendant's Memo. at 46-60. The report by VECO Consulting, L.L.C. obtained by Defendant likewise suggests that some cracks in the brick veneer pre-existed Hurricane Katrina. *See* September 20, 2005 VECO Consulting, Inc. Report, Exh. A-2 to Defendant's Memo., at pp. 5-7. It also suggests that these particular cracks can be patched and do not present a significant structural problem. *Id.*

It is also evident that Defendant has undertaken some additional investigation via discovery in this action. Further, although Plaintiff testifies to $200,000 actually being spent on repairs, Defendant apparently has not been provided with supporting documentation, *e.g.,* contractor bids and/or invoices, for these claimed repairs. Under these circumstances, the Court cannot conclude that a triable issue exists with respect to Defendant's alleged bad faith.

## **CONCLUSION**

Given the foregoing, **IT IS ORDERED** that Employers Mutual Casualty Company's Motion for Partial Summary Judgment (Rec. Doc. No. 72) is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's claims for penalties and damages pursuant to La. R.S. 22:658 and La. R.S. 22:1220 are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of April 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE